T.C. Summary Opinion 2011-85

UNITED STATES TAX COURT

MICHAEL BRUCE WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9285-10S.                   Filed July 6, 2011.

Michael Bruce Wilson, pro se.

<u>Christina L. Cook</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $1,643. The issue for decision is whether petitioner is entitled to a deduction for car and truck expenses claimed on a Schedule C, Profit or Loss From Business. We hold that petitioner is not entitled to such deduction.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Minnesota when the petition was filed.

During 2007 petitioner was an employee of Bolger Publications. Petitioner was also a movie producer and reported the income and expenses therefrom on a Schedule C. In addition, petitioner started a film production company called Odd Lamps Productions (Odd Lamps) and reported income and expenses therefrom on a Schedule E, Supplemental Income and Loss.

Petitioner maintained a handwritten log of miles driven for Odd Lamps, which handwritten log he later typed. The log contains entries listing the date, beginning and ending odometer readings, total miles driven, and an abbreviation listing either the destination, project, or person's name for which the miles were driven.

On his Form 1040, U.S. Individual Income Tax Return, for 2007 petitioner reported wages of $15,662 attributable to his employment with Bolger Publications. Petitioner attached to his return a Schedule C for his movie producer business. On the Schedule C petitioner reported gross income of $36,257, but claimed a net profit of $10,822, which resulted from a number of deductions, specifically including $5,820 of car and truck expenses and $14,000 of other expenses for "224 gas miles est 12000". In addition to the expenses listed on the Schedule C for his movie producer business, petitioner listed depreciation expenses of $10,000 on the Schedule E for Odd Lamps.[2] Petitioner did not provide any receipts for oil changes or vehicle repairs.

In the notice of deficiency, respondent disallowed the deduction of $5,820 claimed by petitioner for car and truck expenses on the Schedule C.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Although section 7491(a) may serve to shift the burden of proof to the Commissioner under certain

---

[2] We note that petitioner claimed a "total income" of $32,318 on his Form 1040 at line 22 and combined business expenses of $35,435 on his Schedules C and E. At trial, petitioner testified that his business expenses in 2007 were more than $55,000.

circumstances, it does not do so here for at least three independent reasons: Petitioner failed to raise the matter; petitioner failed to comply with recordkeeping and substantiation requirements, see sec. 7491(a)(2)(A) and (B); and petitioner failed to introduce the requisite quality of evidence, see sec. 7491(a)(1). Accordingly, petitioner bears the burden of proof.

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving his or her entitlement to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 further requires taxpayers to maintain books and records sufficient to substantiate the amounts of the deductions claimed. Sec. 1.6001-1(a), (e), Income Tax Regs. If a taxpayer is unable to fully substantiate the expenses incurred, but there is evidence that deductible expenses were incurred, the Court may under certain circumstances allow a deduction based upon an approximation of expenses. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). But see Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, in the case of expenses relating to the use of listed property, specifically including any passenger automobile or other property used as a means of transportation, section 274(d) imposes stringent substantiation requirements to document the nature and amount of such expenses. Sec. 280F(d)(4)(A)(i) and (ii), (5); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (expressly superseding the so-called Cohan rule and making it inapplicable). Thus, in order to satisfy these strict substantiation requirements, the taxpayer must maintain adequate records or sufficient corroborating evidence to establish each element of an expenditure. Sec. 274(d); sec. 1.274-5T(b)(6), (c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Elements of an expenditure include: (1) The amount of such expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d). If the listed property is used for both personal and business purposes, deductions are disallowed unless a taxpayer establishes the amount of the business use of the property in question. Kinney v. Commissioner, T.C. Memo. 2008-287; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

On his Schedule C for his movie producer business, petitioner claimed a deduction for car and truck expenses of $5,820, as well as a deduction for other expenses of $14,000 for "224 gas miles 12000 est". The only documentation petitioner provided for the car and truck expenses claimed on the Schedule C was the typed mileage log for Odd Lamps. Petitioner testified that his certified public accountant had mistakenly filed a Schedule E for Odd Lamps and that such business expenses should have been claimed on the Schedule C. Petitioner also testified that the mileage claimed under other expenses on the Schedule C was an estimate and that the mileage log he presented indicates that the mileage claimed should have been "about 14,000" miles and not the "lowball number" of 12,000 miles. Petitioner further testified that he had no receipts for oil changes or vehicle repairs because he has changed his car oil since he was 17 years of age, and he had a mechanic for a neighbor who assisted him with any necessary vehicle repairs.

The record therefore suggests that petitioner deducted the mileage log expenses for Odd Lamps twice on his Schedule C: Once under car and truck expenses and once under other expenses. But a fundamental tax principle is that a taxpayer cannot receive a double deduction or claim a double credit for the same item. See United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934); Rome I,

<u>Ltd. v. Commissioner</u>, 96 T.C. 697, 704 (1991) ("Double deductions are impermissible * * * absent a clear declaration of intent of Congress."); see also sec. 1.161-1, Income Tax Regs. ("Double deductions are not permitted.").

We thus conclude that petitioner has failed to establish that he is entitled to the deduction for car and truck expenses claimed on his Schedule C.[3]  See also <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).  Accordingly, we sustain respondent's determination disallowing the deduction for car and truck expenses claimed by petitioner on his 2007 tax return.

Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed those arguments, we conclude that they are without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]  Although not at issue in this case, we note that petitioner's Schedule C seems to indicate that petitioner claimed a deduction of $14,000 for 12,000 miles driven.  Under Rev. Proc. 2006-49, sec. 5.01, 2006-2 C.B. 936, 938, the standard mileage rate for 2007 was 48.5 cents per mile.